■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HOULE, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 31, 1979, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny. On October 18, 1978, while investigating a burglary in an Albany business which had occurred the previous night, police discovered and then photographed a dirt footprint of a tennis shoe on some papers laying on the floor. In the course of the investigation by the police and while they were canvassing the area, it was suggested by area residents that they talk with defendant, who was acting strangely. Defendant resided in an apartment which adjoined and overlooked the rear of the building where the break-in took place. The police proceeded to seek out defendant for the purpose of questioning him. While talking to defendant outside his apartment, they informed him that they were investigating a burglary of the neighboring premises, inquired whether he had heard anything about it and sought permission to view the crime scene from defendant's back window. When asked why they wished to go into the apartment, the officers indicated they wanted to inspect "what kind of view he had, what he might have seen from there". After some hesitation, defendant, who had exhibited extreme nervousness during the conversation, acquiesced, saying, "If that's all you want, all right." The police entered the apartment and, while standing near the back window, one of the officers observed a tennis shoe lying on its side on the floor in a nearby open doorway. The tread of the tennis shoe resembled the footprint discovered earlier at the scene of the crime. Picking up the shoe, the officer produced a photograph made of that footprint, visually compared it with the tread of the shoe in the apartment, and believing it might be the same print he thereupon advised defendant of his *Miranda* rights. Defendant then made incriminating admissions and was placed under arrest. A motion to suppress those statements and the tennis shoe was denied. During the trial they were introduced into evidence and defendant was convicted. We affirm. Of the several points advanced by defendant, only the contention that the entry into his apartment without a warrant was legally impermissible for it was deceptively acquired, bears comment (see, e.g., *Alexander v United States,* 390 F2d 101). This argument presupposes that the police officers' desire to view the crime scene from that window was a ruse and that their undisclosed actual purpose was to search for evidence inside the apartment. Initially, we note that this is a credibility issue which the suppression court implicitly resolved in favor of the police when it rejected defendant's motion to

suppress, and further, that the evidence amply supports this conclusion. The record indicates that the officers did precisely what they had asked to do. They went and looked out the window at the scene below. That view disclosed no walls to be scaled or fences to be climbed between defendant's apartment and the rear of the burglarized building, some 30 feet away. While there, they did not conduct a "plain sight search" of the apartment for evidence of the crime, but simply observed what appeared to be the offending shoe in open view in the immediate vicinity of the very window they had been looking out of. Conditioning police entry into the apartment for the sole purpose of enabling them to examine the crime scene from the window did not commit the police to ignore, or insulate defendant from police discovery of, plainly visible evidence. And since the police were in a lawfully obtained vantage point when they observed the shoe, they were justified in seizing it (*People v Jackson,* 41 NY2d 146). Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ.