■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK SIMMONS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered December 6, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's motion, insofar as it was to suppress a wallet and its contents recovered during a search incident to an arrest allegedly made without probable cause, was properly denied where defendant was apprehended while fleeing a liquor store by police officers who had been summoned to the scene by a radio call informing them of a robbery in progress. The totality of the information known to the officers, together with the reasonable inferences to be drawn therefrom, would clearly warrant a prudent person to believe that an offense had been committed; accordingly, there was probable cause for defendant's arrest (see, People v Medina, 107 AD2d 302; People v Chapman, 103 AD2d 494). The pistol employed in the robbery was admissible as evidence against defendant since it had been abandoned by him prior to his arrest, and since the arresting officer's testimony that he recovered the pistol from

the immediate area in which he had seen defendant throw away a metal object provided an adequate foundation for the weapon's introduction into evidence *(see, People v Mirenda,* 23 NY2d 439, 452-454). Finally, there was no possibility that the in-court identification of defendant made by the victims had been tainted by a prior viewing of him at the police station house, since both victims had a prior familiarity with defendant as a regular patron of their liquor store *(see, People v Adams,* 53 NY2d 241; *People v Ballott,* 20 NY2d 600; *People v Gray,* 47 AD2d 674). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.