■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HOLT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered May 13, 1983, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements.

Judgment affirmed.

At the time that the police officers confronted the defendant, they knew by following wet footsteps on a dry pavement, emanating from a large puddle of water which was on the pavement, that the perpetrator of the attempted burglary they were investigating had fled only moments before into the lobby of a nearby apartment building through a partially opened window. The defendant was the only person in that lobby and when the officers approached him they observed that he was out of breath, perspiring, and that his feet were wet. These articulable facts justified the officers' actions in approaching and questioning him *(see, People v Carney,* 58 NY2d 51, 53). His patently false explanation of his presence in the building, that he was visiting a friend whose name he did not give, and that he ran down six flights of stairs to the lobby despite the existence of an elevator in the building, corroborated the officers' suspicions and raised those suspicions to the

level of probable cause *(see, People v Thurman,* 81 AD2d 548; *People v Hernandez,* 77 AD2d 548; *see also, People v Donello,* 103 AD2d 781) by providing indicia of criminal activity on the part of the defendant equivalent to the secretive behavior of the defendant in *People v Grant* (83 AD2d 277). Criminal Term therefore correctly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence seized at the scene and the statements he subsequently made to the police. Lazer, J. P., Brown, Rubin and Eiber, JJ., concur.