■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ROSA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered March 14, 1986, convicting him of burglary in the second degree (two counts) and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Our review of the record reveals that the hearing court properly determined that the defendant's arrest was based on probable cause and that the evidence derived therefrom was admissible at trial. It is well established that the justifiable scope of a police officer's conduct in any particular situation is defined by the factual circumstances known to the officer at that time (see, People v De Bour, 40 NY2d 210). In the instant case, when the police officers first approached the defendant, they knew that a burglary had been committed in the immediate vicinity, and they knew that the car which the defendant got into did not belong to anyone in the neighborhood and was registered to a woman from Brooklyn. Based upon this knowledge, the officers clearly had "an objective credible reason" to approach the defendant for the purpose of requesting information (see, People v De Bour, supra, at 223; see also, People v Carney, 58 NY2d 51) and, based upon the defendant's patently false and inconsistent responses to their questions, the police officers were certainly justified in asking the defendant to get out of the car, as they had reason to believe that criminal activity was afoot (see, People v Holt, 121 AD2d 469, lv denied 68 NY2d 813). Likewise, the police were certainly entitled, for the protection of themselves and others in the area, to conduct a carefully limited search of the defendant's outer clothing in an attempt to discover weapons which might be used against them (see, Terry v Ohio, 392 US 1). With respect to the arrest

itself, when the frisk revealed that the defendant was in possession of a screwdriver with a curled tip (which he demonstrated to the police officers could be used to open a locked trunk), and, when the police were able to start up the defendant's car right away, indicating that the defendant had lied about his car breaking down, probable cause existed to believe that in fact the defendant was involved in the burglary nearby (see, CPL 140.10; People v De Bour, supra; People v Cantor, 36 NY2d 106; People v Weeks, 137 AD2d 775).

Moreover, we find that the trial court properly permitted a police detective to testify regarding his observations of footprints in the snow discovered at the crime scene and his observations of the defendant's bootprints. The detective did not have to be an expert in order to give such testimony. The trial court severely limited the detective's testimony to his own observations, and any insufficiencies in the officer's qualifications did not go to the admissibility of the evidence, but rather, were properly for the jury to consider in determining the weight to be given this testimony (see, United States v Powell, 449 F2d 335; People v Houle, 85 AD2d 751; cf., People v Wicks, 122 AD2d 239, lv denied 68 NY2d 1005).

Lastly, we have reviewed the defendant's sentence and find it to be fair and appropriate under the circumstances (see, People v Suitte, 90 AD2d 80). Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur.