■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER THORNTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered June 24, 1985, convicting him of attempted burglary in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

A suppression hearing was conducted at which Police Officer Ralph Chandless testified that, on December 2, 1984 at about 4:35 A.M., he was on motor patrol with Police Officer Mitchell Chosak in the vicinity of Union and Henry Streets. They were flagged down by two people who informed them that a man had been breaking into a nearby pharmacy. The man, described as black, wearing a dark coat and hat, had run away onto nearby Sackett Street. The officers drove onto Sackett Street where they saw the defendant, who fit the description and was walking on the sidewalk.

When Officer Chosak ordered the defendant to stop, he complied and asked what was wrong. Officer Chosak told the defendant that he fit the description of a man seen breaking into a store, placed him against a wall and lightly frisked him. The defendant stated that "You can't prove anything, you have no witnesses". The defendant was then handcuffed, placed in the patrol car and given his Miranda rights.

The officers returned to the area of Union and Henry Streets where they found the two people who had initially

flagged them down. The defendant was identified at that time as the man who had been observed breaking into the pharmacy.

We find that the action taken by the police officers was proper under the circumstances. Initially, the stop and frisk of the defendant was justified based upon the information available to them at the time (see, CPL 140.50; *People v Hicks,* 68 NY2d 234, 238). The defendant matched a description given by identified and disinterested civilian witnesses. He was found within a few minutes and only a short distance from the crime scene. Indeed, he was the only person seen on the street onto which the perpetrator had fled.

Further, the police were justified in arresting the defendant as they had probable cause to believe that the defendant had been involved in criminal activity. The defendant's spontaneous statement to the police that "You can't prove anything, you have no witnesses", provided the necessary probable cause to believe that it was the defendant who had committed the attempted burglary (see, *People v De Bour,* 40 NY2d 210, 223).

At trial, the court erred in permitting the People to use Grand Jury testimony to rehabilitate a witness who had been impeached (see, *People v Gordon,* 77 AD2d 662). However, the bolstered testimony related to a matter which was merely peripheral to the People's case. We find, therefore, that the error was harmless as it cannot be said that it would have affected the verdict (see, *People v Crimmins,* 36 NY2d 230). Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.