■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH FERGUSEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy J.), rendered September 8, 1982, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Naro, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On November 13, 1981, at approximately 7:30 A.M., Police Officers Malcolm Thomson and Frank Ark—patrolling in an unmarked vehicle—observed three black males running towards their car from the front yard of a building located on Crescent Street in Long Island City. The men—one of whom carried a briefcase—approached to within a distance of 5 or 6 feet of the police vehicle, permitting both officers to observe their faces. Police Officer Ark further observed that as they ran, the men quickly glanced back toward the location from which they were running. By the time the officers circled around in order to investigate, the men had disappeared. Within two minutes of the foregoing incident, the officers received a radio transmission advising of a robbery in progress at 25-50 Crescent Street involving three black males who were armed. After receiving the transmission, Officer Thomson, who was familiar with the neighborhood, recalled that the men had been running from the general location of the robbery address. The officers immediately canvassed the area in search of the men and located them on a nearby elevated subway station. Observing a bulge in the defendant's pocket, the officers searched him and removed a red devil's mask. A pellet gun was recovered after a witness informed the officers that she had observed the defendant throw something onto the subway tracks. After a hearing at which the defendant contended that the police lacked probable cause to arrest, suppression of the physical evidence was denied. We affirm.

Initially, we note that the contents of the radio transmission upon which the police acted were established at the suppression hearing through the testimony of the receiving officer *(cf., People v Dodt,* 61 NY2d 408; *People v Ferguson,* 115 AD2d 615), who testified that the radio transmission advised of a robbery in progress at 25-50 Crescent Street involving black males with weapons. Moreover, by failing to challenge the

reliability of the transmission, any question regarding the basis of the sending officer's information has not been preserved for appellate review *(see, People v Reddick,* 107 AD2d 721, *affd* 65 NY2d 835; *People v Ward,* 95 AD2d 233; *see also, People v Muriell,* 128 AD2d 554, *lv denied* 70 NY2d 652). Considering all of the factual circumstances known to the officers at the time, there existed probable cause to arrest the defendant *(see, People v Simmons,* 114 AD2d 476).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.