■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE ROWE, Also Known as SHERMAN HEMS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Balbach, J.), both rendered July 22, 1986, convicting him of attempted burglary in the second degree (two counts, one each under indictment No. 2567/85 and indictment No. 6376/85), upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered under indictment No. 6376/85 brings up for review the denial (Naro, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgments are affirmed.

At approximately 11:30 P.M. on the evening of December 21, 1985, Police Officer Thomas Sheehan received a radio report of a burglary in progress at 4242 Colden Street, apartment B-4. Upon arrival at the scene, where he was joined by two other officers, Sheehan observed the defendant exiting the lobby of the building pushing a shopping cart. Judging from the way in which the defendant was maneuvering it, the shopping cart, which was covered with a black plastic garbage bag and several brown paper bags, appeared to be "very, very heavy". When asked where he was coming from, the defendant replied "[n]o, no, it's okay, you guys are here for a family dispute on the first floor * * * that's me and my old lady. We had a fight. I'm taking some of my stuff out of there". The officers asked the defendant to come back into the building with them so that they could verify his story and he somewhat reluctantly complied. As they were walking back into the building, Sheehan asked the defendant if the contents of the shopping cart belonged to him and the defendant replied affirmatively. Sheehan then lifted the plastic bag covering the cart and observed a computer keyboard. The defendant said that the keyboard was his and when asked by Sheehan if he knew how to work it, he replied, "[y]es, I like to play with it." When they entered the vestibule, a woman who identified herself as the burglary victim walked over to the cart, lifted up the plastic bag and identified the contents as belonging to her. The defendant was thereupon arrested and, after being taken to the precinct, made some incriminating statements.

We agree with the hearing court's determination that suppression of the contents of the cart and the statements subsequently made by the defendant is not warranted. On the basis of the late night radio report of a burglary in progress, the officers were justified in stopping the defendant, who was leaving the building where the burglary had allegedly occurred, pushing a heavy shopping cart, for the purpose of gaining explanatory information (see, People v De Bour, 40 NY2d 210, 223; People v Reynolds, 104 AD2d 611). Given that the officers had not received a call for a domestic dispute at that address, the officers were further justified in asking the defendant to submit to a brief investigatory detention in order that they might quickly confirm or dispel their suspicions (see, People v Hicks, 68 NY2d 234, 240-242; People v Rosa, 138 AD2d 756). Indeed, anything less may have been considered negligence on the part of the officers. Finally, the complainant's conduct, for which the police may not be held account-

able *(see, People v Jones,* 47 NY2d 528), provided the officers with probable cause to arrest the defendant. Inasmuch as the officers' conduct here was, in all respects, reasonable, the hearing court properly denied the defendant's suppression motion.

We have reviewed the defendant's sentence and find it to be appropriate *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.