■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY COLSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Delaney, J.), rendered December 14, 1984, convicting him of burglary in the third degree, grand larceny in the third degree, and criminal mischief in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On September 30, 1983, at approximately 3:00 A.M., the Yonkers Police Department received an emergency call of a burglary in progress at the Tom Thumb variety store from an identified citizen who claimed to have witnessed the break-in. The caller further indicated that three individuals were in-

volved in the incident. A radio transmission to this effect was immediately dispatched. The officers who received the transmission arrived at the scene minutes later and observed three individuals in front of the store and a fourth person approximately 10 to 15 feet away from the store. There were no other persons present on the street. The officers further observed broken glass and a broken lock on the ground. The four individuals were detained while the interior of the store was examined by other officers, who had arrived at the scene. After ascertaining that the store had been "ransacked", the police asked the suspects to empty their pockets. The defendant was found to be in possession of certain items which had been taken from the store. He was formally arrested, handcuffed and placed in a squad car.

Contrary to the defendant's contentions, we find that the police possessed sufficient cause to stop and detain him in view of the contents of the radio transmission coupled with the officers' independent observations at the scene of the crime (see, People v Allen, 141 AD2d 405; People v Palmer, 140 AD2d 720; People v Timco, 135 AD2d 980). Moreover, once the officers affirmatively discovered that the store had, in fact, been burglarized, their actions in searching and arresting the defendant were justified since they had probable cause to believe that the defendant was one of the participants in the burglary which occurred only moments before their arrival (see, People v Thornton, 139 AD2d 787; see generally, People v De Bour, 40 NY2d 210, 223). Accordingly, the hearing court was correct in denying suppression of the physical evidence seized by the police. Mangano, J. P, Thompson, Bracken and Eiber, JJ., concur.