■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. KELLAND, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered May 2, 1989, convicting him of attempted burglary in the third degree and criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the County Court's determination that the defendant's arrest was predicated upon probable cause (CPL 140.10 [1] [b]). Two police officers observed the defendant late at night, fleeing from behind a darkened store, the burglar alarm of which was ringing. Acting upon their reasonable suspicions (see, People v De Bour, 40 NY2d 210), the officers stopped the defendant for a brief, investigatory, non-custodial interrogation (see, People v Huffman, 41 NY2d 29). The defendant provided evasive and unlikely responses to the officers' routine questions and after they confirmed that there had in fact been a burglary, the officers arrested him.

The sight of a running individual alone certainly does not provide probable cause for a forceable seizure (see, People v Ross, 67 AD2d 955) and evidence of flight alone is similarly insufficient to justify an arrest (see, People v Diaz, 103 AD2d 82). However, when combined with other indicia of criminal activity, evidence of flight weighs heavily in determining whether probable cause exists to make an arrest (see, People v Valo, 92 AD2d 1004; see also, People v Peters, 18 NY2d 238, affd sub nom. Sibron v New York, 392 US 40; People v Simmons, 114 AD2d 476; People v Medina, 107 AD2d 302). In the instant case, the defendant's flight from a crime scene, combined with his improbable responses and all of the surrounding circumstances, gave rise to a reasonable belief that it was more probable than not that a crime had been committed and that the defendant had committed it. Since his arrest was based upon probable cause, the defendant's motion to suppress his inculpatory statements and physical evidence as the fruits of an illegal arrest was properly denied.

Similarly without merit is the defendant's alternative argument that his statement was subject to suppression due to coercive police interrogation tactics. The record establishes, without controversion, that the defendant was twice advised of his constitutional rights, that he waived them, and that he signed a waiver form without ever uttering a protest. He made an inculpatory statement after 20 minutes of questioning which was designed only to elicit pedigree information. The defendant's waiver was clearly knowing, intelligent, and voluntary and was not rendered less so merely because the interrogating officers confronted him with compelling evidence of his guilt (see, People v Glasper, 160 AD2d 723; People v Dyla, 142 AD2d 423; see also, People v Tarsia, 50 NY2d 1). Suppression was thus properly denied on this ground as well.

We have reviewed the defendant's remaining contentions

and find them to be without merit *(see, e g., People v Gardner,* 150 AD2d 722; *People v Tuttle,* 141 AD2d 584; *People v Grady,* 110 AD2d 780).* Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.