■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN TROCHE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered June 13, 1990, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lonschein, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's sole contention on appeal is that the hearing court erred when it denied his motion to suppress the physical evidence recovered during a search of his person after he had been pursued and stopped by a police officer. As this court has recently observed, although evidence of flight alone is insufficient to justify an arrest, "when combined with other indicia of criminal activity, evidence of flight weighs heavily in determining whether probable cause exists to make an arrest" *(People v Kelland,* 171 AD2d 885; *see generally,*

*People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023; *People v Elliot,* 162 AD2d 609, 610).

In the instant case, the arresting officer arrived at the scene within one or two minutes after receiving a radio transmission reporting a burglary in progress, and he was able to quickly confirm through personal observation that a burglary had just occurred. In addition, when the building residents told him that they thought the burglar was still in the building, other police officers who had since arrived at the scene secured the entrances to the building. These factors, together with the defendant's suspicious behavior in attempting to exit the building's lobby, including the defendant's immediate flight in response to the officer's calling out: "Hold it there a minute", and that the defendant ran into and bounced off the front lobby door as he attempted to run out, provided the arresting officer with the requisite reasonable suspicion to justify his pursuit and stop of the defendant *(see, People v Leung,* 68 NY2d 734; *People v Rowe,* 146 AD2d 720; *People v Miller,* 146 AD2d 809; *People v Grey,* 134 AD2d 613; *People v Fulmore,* 133 AD2d 169; *People v Simmons,* 114 AD2d 476). When the fact that the defendant began to struggle and fight with the officer, who was in uniform, is added to the totality of the circumstances of the encounter as it progressed, the hearing court's determination that there was probable cause for the arrest and search of the defendant was proper *(see, People v Hearns,* 122 AD2d 955; *see also, People v Colson,* 150 AD2d 477; *People v Ortiz,* 103 AD2d 303, *affd* 64 NY2d 997). Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.