■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN CUNNINGHAM, Appellant.—Harvey, J. Appeal, by permission, from an order of the County Court of Albany

County (Turner, Jr., J.), entered May 8, 1985, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of three counts of the crime of criminal possession of a forged instrument in the second degree, without a hearing.

In September 1983, defendant was convicted of three counts of the crime of criminal possession of a forged instrument in the second degree. Defendant was adjudicated a persistent felony offender and given an indeterminate sentence of 20 years to life. Upon appeal, this court affirmed the conviction and sentence (106 AD2d 683).

Defendant made the instant CPL 440.20 motion in March 1985, seeking to set aside his sentence on the grounds that he did not receive notice of the persistent felony hearing and that he was denied effective assistance of counsel at the hearing. The basis for the ineffective assistance claim is defendant's affidavit attesting that his assigned counsel failed to inform him of his right to contest his prior convictions. County Court denied defendant's motion without a hearing and this appeal ensued.

The grounds for denying a CPL 440.20 motion without a hearing are enumerated in CPL 440.30, which provides in pertinent part: "An allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true" (CPL 440.30 [4] [d]). The record contains sufficient evidence contradicting defendant's allegations to have allowed County Court, in its discretion, to deny the motion without a hearing. The record unequivocally reveals that defendant and his attorney were given notice of the persistent felony hearing. At the subsequent hearing, defendant's attorney stated "I asked [defendant] if he wanted to exercise his right to controvert the constitutionality of any of the preceding convictions". A review of the circumstances attending the case and the fact that defendant's allegations are contradicted by the record lead to the conclusion that no reasonable possibility exists to support defendant's motion. Accordingly, a hearing was unnecessary (see, CPL 440.30 [4] [d]).

We find defendant's other contention regarding the severity of his sentence, which was not raised before County Court, to be without merit.

Order affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.