■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSTANCE MERLINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Costellino, J.), rendered May 16, 1985, convicting her of violating Vehicle and Traffic Law § 1192 (2) and (3), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's claim that she was denied a fair trial when the trial court allowed the prosecutor to introduce, on redirect examination, a statement precluded by virtue of a pretrial denial of the People's cross motion to serve a late notice pursuant to CPL 710.30. When, as here, a party opens the door on cross-examination to matters not touched upon by his opponent on his direct case, the latter may, on redirect, explain, clarify, or fully elicit the issue only partially examined on cross-examination (People v Melendez, 55 NY2d 445, 451; People v Regina, 19 NY2d 65, 78; People v Giallombardo, 128 AD2d 547, 548, lv denied 69 NY2d 1004). In this instance the prosecutor merely continued the line of questioning of the police officer, begun on cross-examination, which sought to elicit those factors which caused him to conclude

that the defendant was under the influence of alcohol. Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.