■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN VAUGHN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered June 15, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial as a result of negative identification testimony elicited by the prosecutor on redirect examination of the complainant. The complainant was the victim of a gunpoint robbery committed by a man who fled the scene on a bicycle. About one month after the crime, the complainant recognized the defendant, who was riding a bicycle in the area of the crime scene, as the perpetrator of the robbery. After the apprehension of the defendant by the police, the complainant made a positive identification. The question asked of the complainant on redirect examination was whether she had identified any other bicyclist as the person who robbed her. We note that the court sustained defense objections to this area of questioning, thereby precluding the complainant from answering. In any event, defense counsel opened the door to the negative identification testimony by suggesting through the questions posed on cross-examination that the complainant identified the defendant as the perpetrator of the gunpoint robbery merely because he was riding a bicycle, as had the actual robber. Under these circumstances, the prosecutor could properly elicit testimony from the complainant on redirect examination to explain and clarify that issue *(see, People v Bolden,* 58 NY2d 741; *People v Melendez,* 55 NY2d 445, 451; *People v Merlino,* 145 AD2d 654; *People v Smith,* 133 AD2d 863).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.