■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERVIS CUNNINGHAM, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered June 18, 1984, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Initially, we note that the defendant's claim that the Grand Jury proceedings resulting in his indictment were defective is not reviewable on this appeal from the ensuing judgment of conviction, which, contrary to the defendant's contention, we find, as hereinafter explained, to be supported by legally sufficient evidence (see, CPL 210.30 [6]; People v Hall, 143 AD2d 937; cf., People v Pelchat, 62 NY2d 97; People v Alexander, 136 AD2d 332, 334-335). In any event, the allegedly false testimony given before the Grand Jury related only to the burglary charge, a charge of which the defendant was acquitted.

The defendant's contention that the hearing court erred in denying his motion to suppress the evidence recovered from the basement of his house is without merit. The record supports the hearing court's determination that the defendant's brother, who lived with the defendant, was authorized to and did consent to the entry of the police officers into the house

and the basement *(see, People v Cosme,* 48 NY2d 286, 290), and that the evidence at issue was in plain view in the basement *(see, People v Jackson,* 41 NY2d 146, 150).

Also without merit is the defendant's contention that the People failed to prove that he knowingly possessed the property recovered from the basement of his house. Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant was in constructive possession of the stolen items found in the basement of his house *(see, People v Torres,* 68 NY2d 677, 679), and that his possession was knowing *(see, People v Reisman,* 29 NY2d 278, 285-286, *cert denied* 405 US 1041). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-251). Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.