■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT JONES, Appellant. [594 NYS2d 211] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered February 7, 1991, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him to a term of 10 to 20 years, unanimously affirmed. Defendant's motion to enlarge the record denied.

The complainant was attacked on a staircase landing in an apartment building located at 751 Walton Avenue in the Bronx at approximately 9:15 P.M. on April 14, 1990. According to the complainant, the defendant passed her as she climbed the stairs and waited for her on the landing of a higher floor. The defendant became violent when the complainant produced only $3 in response to his demand for money. A struggle ensued during which the assailant threatened the complainant with a knife. After taking the complainant's purse the defendant fled into the street. When the police arrived the complainant described her attacker to them as a brown-skinned black man between 22 and 24 years of age, 5 feet, 11 inches tall, weighing approximately 170 pounds, with a "flat top" hair cut, brown eyes and no facial hair.

Approximately two hours after the crime was reported, an individual from the neighborhood told the complainant that her assailant had been seen nearby. The complainant testified that she went to the location and when the defendant saw her he immediately ran. She shouted that defendant was the individual who had robbed her and a crowd of people from the

neighborhood chased, caught and detained the defendant until the police arrived and arrested him after she again identified him as her assailant.

The complainant and one of the officers who initially responded to the scene testified at trial, without objection, that the complainant, during an initial search of the area with the responding officers, failed to identify an individual other than the defendant as the perpetrator. Defendant's failure to object to this testimony renders his claim that it was improperly introduced unpreserved (CPL 470.05; *People v Fagan*, 166 AD2d 290, *lv denied* 77 NY2d 838). We decline to specifically reach the issue in the interest of justice as it is clear that the perceived error, if any, was harmless under the circumstances herein and could in no circumstance warrant a reversal *(see, People v Dukes*, 97 AD2d 445). The prosecutor's remarks made on summation concerning this negative identification testimony were allowable as responsive to the defense counsel's challenges to the complainant's reliability and credibility *(People v Galloway*, 54 NY2d 396, 399; *People v Talley*, 155 AD2d 368, *lv denied* 75 NY2d 925).

Defense counsel's mistaken identity argument at trial was based in part on a discrepancy between the complainant's and arresting officer's description of defendant's accent. The prosecutor's summation statement, that the jury did not hear the defendant speak on the date of the crime, was addressed to that discrepancy. The remark was clearly a reference to the fact that only the complainant observed the manner in which defendant spoke during the robbery; it could in no manner be construed as a comment on the defendant's failure to testify at trial. We find no impropriety in the prosecutor's other remarks.

The trial court's reasonable doubt charge was proper *(People v Jones*, 162 AD2d 204, *lv denied* 76 NY2d 859; *People v Rivera*, 180 AD2d 560, *lv denied* 80 NY2d 837), and the remainder of the charge was as a whole balanced and fair. We have reviewed the defendant's additional arguments and find them to lack merit. Concur—Sullivan, J. P., Wallach, Ross and Asch, JJ.