■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO GONZALEZ, Appellant. [605 NYS2d 110] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LeVine, J.), rendered March 17, 1992, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, endangering the welfare of a child, and possession of a stun gun, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the Grand Jury testimony and find that the integrity of the Grand Jury was in no way impaired by the People's presentation of evidence. The defendant's claim that the evidence presented to the Grand Jury resulting in his indictment was legally insufficient, is not reviewable on his appeal from the ensuing judgment of conviction *(see,* CPL 210.30 [6]; *see, People v Cunningham,* 163 AD2d 412; *cf., People v Alexander,* 136 AD2d 332).

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant unlawfully possessed the weapon. Contrary to the defendant's contention on appeal, as this was both a direct and circumstantial evidence case, the "moral certainty" standard does not apply *(see generally, People v Barnes,* 50 NY2d 375).

We find that the People established a sufficient nexus connecting the defendant to the gun which was the subject of his evidentiary objection *(see generally, People v Julian,* 41 NY2d 340). Significantly, the gun was recovered in the location where an unidentified object was observed to have been thrown from the defendant's car as he was fleeing from the police. Moreover, the People's witness identified the gun as the one carried by the defendant's unapprehended accomplice. Mangano, P. J., Balletta, Lawrence and O'Brien, JJ., concur.