■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JONES, Appellant. [614 NYS2d 222] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered April 13, 1990, convicting him of manslaughter in the second degree (two counts) and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A motion to dismiss an indictment must normally be made within 45 days after arraignment. Such a motion can also be made at any time prior to sentencing upon a showing of good cause for the delay (CPL 210.20, 255.20 [1], [3]). In the case at bar, the defendant learned prior to commencement of jury selection of the allegedly perjured testimony by one of the witnesses before the Grand Jury. Since he did not timely move to dismiss the indictment on the ground that he now asserts, he is barred from now asserting any claims that there were defects in the Grand Jury proceeding *(see, People v Lawrence,* 64 NY2d 200; *People v Iannone,* 45 NY2d 589; *People v Key,* 45 NY2d 111; *People v Sica,* 163 AD2d 541; *People v Miller,* 121 AD2d 477).

The defendant's claim that the evidence presented to the Grand Jury resulting in his indictment was legally insufficient is not reviewable on his appeal from the ensuing judgment of conviction *(see,* CPL 210.30 [6]; *People v Gonzalez,* 199 AD2d 412; *People v Cunningham,* 163 AD2d 412; *cf., People v Alexander,* 136 AD2d 332).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or are without merit. Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.