■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

EDWARD CERUTI, Appellant. [619 NYS2d 683] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Leahy, J.), rendered October 15, 1992, convicting him of manslaughter in the second degree under Indictment No. 7478/90, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, rendered October 15, 1992, revoking a sentence of probation previously imposed by the same court (Demakos J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a controlled substance in the third degree under Indictment No. 6959/87. The appeal under Indictment No. 7478/90 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment and the amended judgment are affirmed.

The defendant's claims that the Grand Jury proceedings were defective, and that the evidence presented to the Grand Jury resulting in his indictment was legally insufficient, are not reviewable on his appeal from the ensuing judgment of conviction (see, CPL 210.30 [6]; *People v Jones,* 204 AD2d 659; *People v Cunningham,* 163 AD2d 412; *see also, People v Bey,* 179 AD2d 905, 906; *cf., People v Pelchat,* 62 NY2d 97; *People v Alexander,* 136 AD2d 332, 334-335).

We conclude that the evidence adduced at the *Huntley* hearing supports the suppression court's determination that, under the circumstances surrounding the interview in the defendant's hospital room, the defendant's statements to police officials were voluntarily made (see, *People v Anderson,* 42 NY2d 35, 38; *People v Eastman,* 114 AD2d 509; *People v Pearson,* 106 AD2d 588).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review and, in any event, without merit. Bracken, J. P., Miller, Ritter and Goldstein, JJ., concur.