■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD TRAMMELL, Appellant. [622 NYS2d 439] —Order, Supreme Court, New York County (Herbert Altman, J.), entered on or about January 21, 1994, which denied defendant's motion to set aside a sentence of 5 to 10 years imprisonment, to run consecutively to the undischarged portion of a previously imposed, unrelated sentence of 4 to 8 years imposed in connection with a judgment, same court and Justice, rendered January 20, 1993, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him as a second violent felony offender, unanimously affirmed.

The plea and sentence minutes show that, contrary to defendant's claim, the court never promised to merge the new 5 to 10 year sentence with the undischarged portion of the previously imposed 4 to 8 year sentence, and in fact specifically informed defendant, who was a second violent felony offender, that the sentences would run consecutively *(see,* Penal Law § 70.25 [2-a]; *People v Acosta,* 187 AD2d 329, *lv denied* 81 NY2d 881). No hearing on defendant's motion to set aside the sentence was required since the plea and sentence minutes contradict defendant's essential allegation of fact (CPL 440.30

[4] [d] [i]; *see, People v Cunningham,* 119 AD2d 938, *lv denied* 67 NY2d 1051). Concur—Rosenberger, J. P., Asch, Rubin and Nardelli, JJ.