■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M. McCOY, Appellant. [621 NYS2d 373] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered June 9, 1993, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Although disfavored, a showup identification is permissible if, as in the instant case, it occurs in close spatial and temporal proximity to the offense and subsequent apprehension of the suspect (see, People v Duuvon, 77 NY2d 541, 544-545; People v Riley, 70 NY2d 523, 529; People v Sansalone, 197 AD2d 549; People v Grassia, 195 AD2d 607). We further find that the complainant's inadvertent observation of the defendant as he was placed in a patrol car, immediately prior to identifying him as the perpetrator during the showup, did not

taint the identification procedure *(see generally, People v Smith,* 203 AD2d 396; *People v Carbonaro,* 162 AD2d 459).

The defendant's claims that the Grand Jury proceedings were defective are either not reviewable upon this Court's finding that the conviction is based upon legally sufficient trial evidence (CPL 210.30 [6]; *People v Ceruti,* 209 AD2d 711; *People v Jones,* 204 AD2d 659; *People v Gonzalez,* 199 AD2d 412; *People v Cunningham,* 163 AD2d 412) or do not warrant dismissal of the indictment *(see,* CPL 210.35 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Concur—Rosenblatt, J. P., Altman, Friedmann and Florio, JJ., concur.