■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVELYN FIGUEROA, Appellant. [629 NYS2d 262] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered December 7, 1992, convicting her of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and codefendant Luis Figueroa approached a 14-year-old girl, placed a knife to her chest, and forcibly removed a gold bracelet from her wrist. The victim recognized the defendant and codefendant, as she had noticed them watching her on three occasions during the prior week. The victim ran home, waited until the evening for her parents to return home from work, and reported the robbery. Approximately two weeks later, she went on a neighborhood canvas to search for the defendant and codefendant, but was unable to locate them. The following week she went on a second canvassing and

identified the defendant and codefendant as the individuals who had robbed her at knife point.

The defendant's contention that the court erred by admitting the victim's testimony regarding the first neighborhood canvassing was not preserved for appellate review, as the defendant failed to place an objection on the record at the time of trial *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, this negative identification testimony was properly admitted, as it was offered by the People in response to the defense counsel's opening comments which addressed her reliability and credibility *(see, People v Vaughn,* 161 AD2d 741; *People v Jones,* 191 AD2d 206).

The defendant's contention that the court erred by instructing the jury that the defendant was presumed "not guilty" rather than "innocent" is not preserved for appellate review, as no objection was raised to this aspect of the charge *(see,* CPL 470.05 [2]; *People v Phillips,* 187 AD2d 539; *People v Udzinski,* 146 AD2d 245, 250, *supra).* In any event, the court indicated repeatedly that the defendant was presumed to be not guilty, and that the presumption could only be removed by proof by the People that the defendant was guilty beyond a reasonable doubt. Accordingly, the charge as a whole adequately conveyed the presumption of innocence to the jury *(see, People v Sutton,* 208 AD2d 574).

The defendant has not preserved for appellate review her contention that the jury-requested read back of trial testimony was incomplete *(see,* CPL 470.05 [2]). A "[d]efendant cannot rely on the request of a codefendant to preserve the claimed charge error" *(People v Buckley,* 75 NY2d 843, 846). In any event, the defendant's claim is meritless. The court correctly interpreted the jury's request for a reading of the witness' description of "the robbers themselves" as excluding the testimony of the arresting officer as to which physical characteristics were not described *(see, People v Malloy,* 55 NY2d 296, 301, *cert denied* 459 US 847).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.