The defendant's remaining contentions are unpreserved for appellate review. Miller, J. P., Thompson, Ritter and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST JOHNSON, Appellant. [633 NYS2d 195] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered September 4, 1992, convicting him of attempted robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant and three co-perpetrators, all holding bottles in their hands, attempted to rob the two complainants and injured one of the complainants. The defendant and the co-perpetrators were apprehended within approximately 20 minutes of the time of the attempted robberies, approximately $1/4$ mile from the crime scene, after being pointed out to the police by one of the complainants. This identification is unchallenged. Minutes later, a showup identification was done at the arrest scene with the second complainant. The defendant challenges the denial of the branch of his omnibus motion which was to suppress this second identification as suggestive and because exigent circumstances no longer existed. We reject the defendant's contentions.

A showup identification is permissible if, as in the instant case, it occurs in close temporal and spatial proximity to the offense and the apprehension of the suspect (see, People v Duuvon, 77 NY2d 541; People v McCoy, 211 AD2d 732). Even though the defendant had just been identified, the circumstances were still sufficiently exigent to justify the second showup identification, especially since the first complainant could not communicate to the police officers in English (see, People v Duuvon, supra; People v Love, 57 NY2d 1023). Nor did the fact that the defendant was identified while handcuffed in an unmarked police car render the procedure impermissibly suggestive (see, People v Smith, 203 AD2d 396; People v McCoy, supra).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), it was legally sufficient to establish the defendant's guilt of both counts of attempted robbery in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We find that the trial court did not improvidently exercise its discretion in denying the defendant youthful offender status given the defendant's previous criminal record and his active role in this premeditated and violent crime *(see, People v Vera,* 206 AD2d 494; *People v Hopkins,* 163 AD2d 416). Rosenblatt, J. P., Pizzuto, Altman and Hart, JJ., concur.