■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER ELLISON and DONDIE FERGUSON, Respondents. [636 NYS2d 348] —Appeal by the People from an order of the Supreme Court, Queens County (Pitaro, J.), dated April 5, 1995, which granted those branches of the defendants' respective omnibus motions which were to suppress identification testimony and physical evidence. The appeal brings up for review so much of an order of the same court dated April 26, 1995, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 5, 1995 is dismissed, as that order was superseded by the order dated April 26, 1995, made upon reargument; and it is further,

Ordered that the order dated April 26, 1995, is reversed insofar as reviewed, on the law and the facts, upon reargument, the order dated April 5, 1995 is vacated, and those branches of the defendants' respective omnibus motions which were to suppress identification testimony and physical evidence are denied.

At about 10:50 P.M. on February 21, 1994, two police officers, both in uniform, responded to a radio transmission of an armed robbery in progress at an all-night newsstand. The complainant told the officers that two male blacks in their early twenties, one about six feet tall, and the other one shorter, had stolen money from his cash register and a cigar box full of one-dollar bills, and fled westbound on Liberty Avenue.

The officers took the complainant in their patrol car westbound on Liberty Avenue. At about 10:55 P.M., the officers entered an elevated subway station 8 to 10 blocks west of the newsstand. The token booth clerk informed them that two men fitting the complainant's description were on the platform for the westbound train. The officers ran up the stairs to the platform of the westbound train, one officer with his gun

"unlocked", and the other officer with his gun drawn and at his side. When the officers reached the platform, they observed the defendants, the only persons on the platform. The officers ran toward them, and the defendants climbed onto the roof of the subway station. As a train pulled in, one of the officers directed the conductor not to open the doors. The defendant Christopher Ellison jumped from the roof of the station to the roof of the train. One of the officers pulled him down; frisked him, recovering a beeper and $129, $69 of which was in one-dollar bills; and handcuffed him. The defendant Dondie Ferguson was also frisked and handcuffed. Both defendants were taken downstairs to the token clerk's booth, and the complainant identified them in a showup.

Since the defendants matched the complainant's general description of the armed robbers and were found in close proximity to the crime scene shortly after the crime occurred, the police had reasonable suspicion to pursue, stop, and frisk them *(see, People v Jones,* 214 AD2d 683; *People v Chin,* 178 AD2d 423). Further, the defendants' conduct of jumping onto the station roof, and Ellison's conduct of jumping onto the top of a subway train, elevated the predicate to probable cause *(see, People v Kelland,* 171 AD2d 885, 886; *People v Shaw,* 193 AD2d 390; *People v Leung,* 68 NY2d 734).

The handcuffing of the defendants and transporting them downstairs to the complainant, where a showup was conducted, did not constitute a basis to suppress the complainant's showup identification *(see, People v Foster,* 85 NY2d 1012; *People v Duuvon,* 77 NY2d 541; *People v Carney,* 212 AD2d 721).

The defendants' remaining contentions are without merit *(see, People v Gerstel,* 134 AD2d 281; *People v Collier,* 131 AD2d 864, *affd* 72 NY2d 298; *see also, People v Singleton,* 72 NY2d 845). Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.