■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN SCOTT, Appellant. [656 NYS2d 892] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered May 24, 1994, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and a statement made by him to a law enforcement official.

Ordered that the judgment is reversed, on the law, the plea of guilty is vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.

The defendant's challenges to the hearing court's suppression determination, including those raised in his supplemental *pro se* brief, are unpersuasive. The police had reasonable suspicion to pursue, stop, and detain him based on the contents of the police dispatcher's radio broadcast regarding a burglary committed at a nearby location *(see, People v Rosario,* 78 NY2d 583, *cert denied* 502 US 1109). Furthermore, the showup procedure was constitutionally permissible given the surrounding circumstances, and was not unduly suggestive *(see, People v Duuvon,* 77 NY2d 541; *People v Johnson,* 220 AD2d 775; *People v Smith,* 203 AD2d 396). We also discern no basis for disturbing the hearing court's determination with respect to the admissibility of the initial statement made by the defendant to the police, inasmuch as that determination is supported by the evidence *(see, People v Prochilo,* 41 NY2d 759). The defendant

failed to preserve for appellate review his claim of a *Rosario* violation *(see, People v Rogelio,* 79 NY2d 843; *People v Grant,* 197 AD2d 399), and we decline to reach the issue in the exercise of our interest of justice jurisdiction.

However, we agree with the defendant that his *pro se* motion to withdraw his plea of guilty should have been granted. The record demonstrates that the defendant's plea was entered into upon the mistaken belief of the court and the parties that the Division of Parole possessed the discretion to run any undischarged sentence concurrently with the negotiated sentence imposed in this case. The plea was further expressly conditioned upon the court's recommendation that those terms run concurrently. Inasmuch as the terms are required to run consecutively *(see,* Penal Law § 70.25 [2-a]; *People v Acosta,* 187 AD2d 329; *see also, People v Trammell,* 211 AD2d 527; *Matter of Maissonett v State of New York Executive Dept.,* 130 AD2d 578), the court should have granted the defendant's motion to withdraw his plea on the ground that it was entered into involuntarily, based upon a mutual mistake with regard to the sentence *(see, e.g., People v Gutierrez,* 169 AD2d 882; *People v Fuller,* 132 AD2d 617; *People v Hurlburt,* 97 AD2d 618).

In view of the foregoing, we need not reach the defendant's claim that his sentence is excessive. Sullivan, J. P., Santucci, Friedmann and McGinity, JJ., concur.