◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN REESE, Appellant. [669 NYS2d 643] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered March 13, 1996, convicting him of robbery in the second degree, menacing in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification evidence and statements he made to the police.

Ordered that the judgment is affirmed.

The defendant's contention that the showup identification should have been suppressed is without merit. The showup was conducted after the defendant was captured near the crime scene and was viewed promptly by the complainant. Accordingly, it was not unduly suggestive (*see, People v Riley,* 70 NY2d 523).

The defendant's further contention that the hearing court erred in denying his motion to suppress statements he made while in a holding cell at the police precinct is also without merit. The record reflects that the statements made by the defendant were not the result of custodial interrogation, but rather, were spontaneous. As such, they were properly admitted into evidence (*see, People v Simmons,* 210 AD2d 441).

Citing several events at trial as well as defense counsel's purported ineffectiveness in failing to make certain pretrial applications, the defendant contends that he was denied effective assistance of trial counsel. However, certain of his claims are based on matters outside the record and, thus, are not reviewable on direct appeal (*see, People v Smalls,* 236 AD2d 491). To the extent this contention is reviewable, the record demonstrates that the defendant was afforded meaningful representation (*see, People v Rivera,* 71 NY2d 705).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.