■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN SHARPE, Appellant. [687 NYS2d 652] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered September 20, 1996, convicting him of burglary in the second degree and burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant's challenges to the hearing court's suppression determination are without merit. The police had reasonable suspicion to pursue, stop, and detain the defendant based upon the contents of a police dispatcher's radio broadcast providing a general description of the perpetrator and his location, the close proximity of the defendant to the site of the crime, and the short passage of time between the crime and the observation of the defendant (*see, People v Scott,* 237 AD2d 543; *People v Ellison,* 222 AD2d 693). Although the police told one victim that they wanted her to look at a suspect, since the defendant was detained in close geographical and temporal proximity to the crime and the scene of the crime, the showup was not unduly suggestive (*see, People v Duuvon,* 77 NY2d 541; *People v Rodriguez,* 64 NY2d 738; *People v Ellison, supra*; *People v Johnson,* 220 AD2d 775; *People v Jenkins,* 205 AD2d 642). Moreover, the hearing court's determination with respect to the admissibility of the defendant's confessions to the police is supported by the evidence and therefore will not be disturbed (*see, People v Prochilo,* 41 NY2d 759).

By cross-examining the police about the degree of physical force used to restrain the defendant and the injuries the defendant allegedly sustained, the defendant placed his physical condition after his arrest in issue and the trial court properly permitted the People to use a photograph which had previously been precluded (*see, People v Cooper,* 92 NY2d 968; *People v Vaughn,* 161 AD2d 741; *People v Merlino,* 145 AD2d 654). Furthermore, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that there was legally sufficient independent evidence to corroborate the defendant's confession, and thus that there was legally sufficient evidence to establish the defendant's guilt of bur-

glary in the second degree beyond a reasonable doubt (*see,* CPL 60.50; *People v Chico,* 90 NY2d 585; *People v Lipsky,* 57 NY2d 560).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Smith,* 55 NY2d 888; *People v Udzinski,* 146 AD2d 245) or without merit. Bracken, J. P., Sullivan, Altman and Friedmann, JJ., concur.