■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TAYLOR, Appellant. [714 NYS2d 105] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (M. Juviler, J.), rendered May 1, 1998, convicting him of burglary in the third degree, grand larceny in the third degree, criminal possession of stolen property in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress physical evidence seized upon his arrest. The police officers possessed reasonable suspicion to pursue and detain the defendant when they saw him carrying a bag and exiting an alley behind a shuttered supermarket which was the subject of a pre-dawn radio report of a burglary in progress. As the police officers approached, the defendant ran off, justifying their pursuit. During the short chase, the defendant shed clothing in an apparent attempt to alter his appearance. After the police officers caught the defendant, they did a protective search and discovered nearly $4,000 in cash and a screwdriver. At that point, there was probable cause to arrest the defendant (see, People v Starr, 221 AD2d 488; People v Franco, 192 AD2d 719; People v Troche, 185 AD2d 368; People v Kelland, 171 AD2d 885).

The defendant's contention that the evidence was legally insufficient to establish his guilt is not preserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]; People v Padro, 75 NY2d 820) or without merit (see, People v Benevento, 91 NY2d 708, 712; People v Jones, 204 AD2d 659; People v Gonzalez, 199 AD2d 412). Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.