■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY LEE HICKS, Appellant. [732 NYS2d 231] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered April 14, 1999, convicting him of robbery in the first degree, kidnapping in the second degree (two counts), robbery in the second degree, criminal possession of a weapon in the third degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the police lacked probable cause for his arrest is without merit. Probable cause to arrest requires the existence of facts and circumstances which, when viewed as a whole, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed and that the defendant committed or is committing that offense (*see, People v Bigelow,*

66 NY2d 417, 423; *People v McRay,* 51 NY2d 594; *People v Brown,* 256 AD2d 414). In this case, the arresting officer arrived at the scene, the parking lot of a bank in a shopping mall, moments after the incident. He was informed by an eyewitness that the defendant had fled and was being chased by other citizens, and was given a general description of the defendant. Minutes later, the officer received a radio call that the defendant was being chased in the parking lot of an adjacent store. When the officer arrived at the scene, the citizens had apprehended the defendant. The defendant matched the general description provided. Under the facts and circumstances of this case, the officer had probable cause to arrest the defendant (*see, People v Burton,* 194 AD2d 683; *People v Manners,* 120 AD2d 680; *see also, People v Aponte,* 222 AD2d 304).

As the complainant's showup identification was in close temporal and geographical proximity to the incident, it was not unduly suggestive (*see, People v Sharpe,* 259 AD2d 639; *People v Tarangelo,* 258 AD2d 305; *People v Ellison,* 222 AD2d 693; *People v Grassia,* 195 AD2d 607). Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.