John REESE, Petitioner–Appellant,

v.

Dan ALEXANDER, Supt.,
Respondent–Appellee.

No. 01–2323.

United States Court of Appeals,
Second Circuit.

Feb. 20, 2002.

**6**

Appeal from the United States District Court for the Eastern District of New York, Jack B. Weinstein, D.J.

Sally Wasserman, Esq., New York, NY, for Appellant.

Donna Aldea, Assistant District Attorney; Richard A. Brown, District Attorney, Vered Adoni, Assistant District Attorney, and John M. Castellano, Assistant District Attorney, on the brief, District Attorney's Office for Queens County, Kew Gardens, NY, for Appellee.

Present WALKER, Chief Judge, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is **AFFIRMED.**

Following a jury trial, petitioner John Reese was convicted on March 13, 1996, of robbery in the second degree, menacing in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, in the New York Supreme Court for Queens County. He was sentenced to an indefinite term of imprisonment of 4 to 12 years on the robbery count and concurrent one-year terms for each of the remaining counts; he is currently serving his sentence.

Petitioner appealed his conviction to the New York Appellate Division for the Second Department asserting a variety of claims, including his contention that the trial court erred in failing to admit probative evidence, namely, a tape recording of the complaining witness allegedly recanting his accusations against the defendant. The Second Department affirmed petitioner's conviction and sentence on March 2, 1998. *New York v. Reese,* 248 A.D.2d 411, 669 N.Y.S.2d 643 (N.Y.App.Div.1998). Thereafter, petitioner filed leave to appeal his conviction to the New York Court of Appeals; it was denied April 23, 1998. *New York v. Reese,* 91 N.Y.2d 976, 672 N.Y.S.2d 856, 695 N.E.2d 725 (1998). Petitioner then filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that the state court's exclusion of the tape recording unconstitutionally prevented him from presenting a defense, and thus deprived him of a fair trial. The district court dismissed the petition upon concluding that the tape petitioner sought to admit as evidence lacked probative value, but granted peti-

tioner a certificate of appealability on the ground that the tape should have been admitted.

■ We review the denial of a petition for a writ of habeas corpus *de novo. Aparicio v. Artuz,* 269 F.3d 78, 89 (2d Cir.2001). Having determined that petitioner's claim regarding the tape is procedurally defaulted due to petitioner's failure to fairly present the claim to the state courts and the fact that no further state remedies are available to him, we conclude that Reese's petition must be denied.

■ It is well established that a federal court may not grant an application for a writ of habeas corpus " 'unless it appears that the applicant has exhausted the remedies available in the courts of the State; or that there is ... an absence of available State corrective process.' " *Id.* (quoting 28 U.S.C. § 2254(b)(1)).

■ To effectively exhaust a claim under § 2254, a petitioner must present to the state courts "the substance of the same federal constitutional claims that he now urges upon the federal courts." *Id.* at 89 (internal quotation marks and alteration omitted). The ways in which a petitioner may satisfy this fair presentation requirement include citation of the federal Constitution as well as:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye v. Attorney Gen.,* 696 F.2d 186, 194 (2d Cir.1982) (en banc). However, even when a claim is not fairly presented, the court may deem it exhausted if there is an "absence of available State corrective process under § 2254(b)(1)(B)(i)" because "it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio,* 269 F.3d at 90 (internal quotations marks omitted).

In his state appellate brief and application for leave to appeal to the New York Court of Appeals, petitioner presented his claim regarding the exclusion of the tape as one of state evidence law, relying exclusively on state cases. None of the four state cases he cites employs constitutional analysis in like fact situations and the claim as it was presented to the state courts does not call to mind any specific constitutional rights or allege a pattern of facts within the mainstream of constitutional litigation. We thus conclude that petitioner failed to fairly present this claim to the state courts as a federal issue.

We also reject petitioner's assertion that the state's opposition brief alerted the state courts to his federal claim. *See generally Blissett v. Lefevre,* 924 F.2d 434, 438 (2d Cir.1991) ("[T]he state court might be alerted to the existence of a federal constitutional issue by briefs filed by the state in opposition."). In support of this contention, petitioner points to the following statement in the state's appellate brief: "even assuming, *arguendo,* that the court abused its discretion in denying the admission of this tape, any error was harmless and did not deprive defendant of a fair trial. *People v. Crimmins,* 36 N.Y.2d 230, 367 N.Y.S.2d 213, 326 N.E.2d 787 (1975)." Because *Crimmins* considers the harmless error doctrine in federal constitutional terms, petitioner argues, the state court was apprised of the federal constitutional nature of his claim involving the excluded tape. However, as respondent asserts, invocation of the concept of harmless error is insufficient to alert the state courts to

petitioner's specific claim that the exclusion of the tape unconstitutionally denied him the opportunity to present a defense.

Despite petitioner's failure to fairly present this claim to the state courts, we conclude that the claim is exhausted because petitioner has no further state recourse on this issue. He has already pursued the one direct appeal and application for leave to appeal to which he is entitled. *See Grey v. Hoke*, 933 F.2d 117, 120–21 (2d Cir.1991); N.Y. Court Rules § 500.10. In addition, having previously presented the factual basis for this claim to the New York courts on direct appeal, petitioner is barred from bringing the claim again in an application for post-conviction relief under Article 440.10 of the New York Criminal Procedure Law. *See* N.Y.Crim. Proc. Law § 440.10(2)(a) (prohibiting the grant of a motion to vacate conviction where the "ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment"); *see also id.* § 440.10(2)(c) (barring review if a claim could have been brought on direct review).

■ A finding of exhaustion does not help petitioner, however, because the federal aspect of this claim was not presented to the state courts. It is thus procedurally defaulted and may not be reviewed by this court absent a showing of cause for the default and prejudice, or a manifest miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Aparicio*, 269 F.3d at 90. Petitioner has failed to make such a showing.

Petitioner has not given any explanation as to the cause for his default, and he cannot establish prejudice because the tape is not probative—it does not rebut the state's evidence that petitioner committed the crimes for which he was convicted. In addition, we do not find that

petitioner was the victim of a manifest miscarriage of justice. *See Aparicio*, 269 F.3d at 90 (observing that the court may reach a procedurally defaulted claim if petitioner is able to "demonstrate that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)").

For the foregoing reasons, the judgment of the district court is affirmed.