■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADALBERTO LOPEZ, Appellant. [738 NYS2d 685] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered July 1, 1999, convicting him of criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

In March 1998, several items, including three checks, were stolen from the Grace Lutheran School (hereinafter the school) in Malverne. The defendant's girlfriend, who lived with him, was arrested for the burglary. During a search of their home, the police found the proceeds of the burglary, except for the checks. Approximately two weeks later, the defendant attempted to cash one of the stolen checks and was arrested.

The defendant's challenge to the testimony that his girlfriend was arrested for the burglary of the school, that some of the proceeds from that burglary were recovered from his home, and that approximately two weeks before he was arrested, he had cashed a check from the school made payable to him, is without merit. Evidence of the earlier cashing of a check which bore the defendant's name and driver's license number and expiration date, and which contained an endorsed signature that matched the signature on the defendant's license, was probative on the defendant's intent and was relevant to negate his claims of mistake (*see, People v Knox,* 126 AD2d 748; *People v Iwaszkiewicz,* 120 AD2d 746). In addition, evidence of his girlfriend's previous arrest for the burglary and that certain proceeds of that burglary were recovered from his home was probative on the issue of the defendant's knowledge that the check was forged and of his intent to deceive or defraud the bank (*see, People v Johnson,* 65 NY2d 556; *People v DiMauro,* 113 AD2d 840). The probative value of this evidence outweighed any prejudice to the defendant that he might be implicated in uncharged crimes, particularly in light of the testimony that he was not a suspect in the burglary of the school and cooperated in the search of his apartment.

The trial court properly exercised its discretion in not imposing a sanction upon the People for the destruction of a tape recording of the telephone call between the arresting officer and a police case-offense transcriber, since the defendant failed to establish bad faith on the part of the People or the police in destroying the tape, or any prejudice to the defendant (*see, People v Green,* 244 AD2d 423; *People v Coggins,* 234 AD2d 469).

The trial court also properly exercised its discretion in denying that branch of the defendant's omnibus motion which was to suppress the showup identifications, which were conducted within 30 minutes and approximately 500 feet from the bank. Showup identifications, although generally disfavored, are permissible when they are conducted in close temporal and spatial proximity to the commission of the crime for the

purpose of securing a prompt and reliable identification (*see, People v Duuvon,* 77 NY2d 541; *People v Hicks,* 287 AD2d 649; *see also, People v Love,* 57 NY2d 1023). Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.