■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HUNT, Appellant. [762 NYS2d 416] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered December 21, 1999, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence, and the denial, after a hearing, of the defendant's subsequent motion to suppress statements he made in a limited allocution confessing his guilt.

Ordered that the judgment is affirmed.

The defendant's contention that the police lacked reasonable suspicion to stop and detain him for possible identification is

without merit. The police had reasonable suspicion to stop and detain the defendant based on a totality of the circumstances (*see People v Vaughan,* 293 AD2d 693 [2002]). The defendant matched the complainant's general description of the perpetrator and was found within close proximity to the crime scene shortly after the crime occurred (*see People v Vaughan, supra;* *People v Sharpe,* 259 AD2d 639 [1999]; *People v Scott,* 237 AD2d 543 [1997]; *People v Ellison,* 222 AD2d 693 [1995]; *People v Rowlett,* 193 AD2d 768 [1993]). Further, we reject the defendant's contention that the police tainted the showup identification by impermissibly enhancing the original description of the perpetrator.

As a result of plea negotiations entered into between the prosecutor and the defendant, it was agreed that the defendant would plead guilty to two nonviolent felonies and receive a reduced sentence totaling four to eight years. However, before the defendant could formally enter such a plea, the prosecutor needed to, and agreed to, go back to the grand jury for a new indictment, because the original indictment precluded the agreed-upon plea. As a condition to assure that the defendant would not change his mind about pleading guilty, rendering the prosecutor's efforts for naught, the Supreme Court required the defendant to make a limited allocution, i.e., a statement in open court confessing to the crime. The defendant agreed that if he decided not to plead guilty, the limited allocution could be admitted at his trial. The defendant, in the presence of counsel, admitted that he had unlawfully entered the complainant's home with the intent to steal and that he did steal property from the complainant's home.

After the prosecutor obtained the new indictment, the defendant changed his mind and decided not to plead guilty. The plea agreement, therefore, was never executed. The defendant's motion to suppress the statements he made during the allocution was denied. At trial, the complainant was unable to identify the defendant as the man who burglarized his home. The prosecutor introduced the minutes containing the statements the defendant made in open court confessing to the crime. The jury was informed that the defendant made these statements during plea negotiations, agreed to their admissibility if he decided not to plead guilty, and subsequently decided not to plead guilty. The jury returned a verdict of guilty.

We reject the defendant's contention that the rule in *People v Spitaleri* (9 NY2d 168 [1961]) should be extended to preclude admission of the defendant's limited allocution statement. The

holding in *People v Spitaleri* (*supra*), that a plea of guilty, once withdrawn, "is out of the case forever and for all purposes" is premised upon the reasoning that where a court has found that, due to circumstances found to exist, it would be unfair to hold the defendant to his plea of guilty, it would likewise be unfair to allow his plea to be used against him as an admission at trial. To permit the prosecutor to admit into evidence statements that a defendant made in connection with a plea of guilty which the defendant was thereafter permitted to withdraw is "decidedly unfair to the defendant" (*see People v Moore,* 66 NY2d 1028, 1030 [1985]).

Here, however, the defendant never entered a plea, which he was then permitted to withdraw. Rather, after the People obtained a new indictment, as required to effectuate the plea agreement, the defendant changed his mind and entered a plea of not guilty to the new indictment. Our review of the record reveals that the trial court correctly determined that the defendant voluntarily and knowingly agreed that, if he decided not to plead guilty, his limited allocution would be used against him at trial. As such, he cannot now be heard to complain that principles of fairness dictate that he not be held to the agreement (*see People v Curdgel,* 83 NY2d 862 [1994]; *People v Evans,* 58 NY2d 14 [1982]).

The defendant's remaining contentions are unpreserved for appellate review, and in any event, are without merit. Altman, J.P., Krausman, Luciano and Crane, JJ., concur.