THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JAMES, Appellant. [768 NYS2d 648]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered July 11, 2000, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant identified the defendant in court as one of the knife-wielding men who robbed him of the money in his wallet on a Queens street. He provided responding police officers with a description of the defendant and a blue Ford Taurus, including five of the six digits of its license plate number, in which the defendant fled. The car was stopped about 25 minutes later, approximately one mile from the scene of the robbery. The defendant was found to be in possession of a knife, which the complainant also identified.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the conclusion of our dissenting colleague, we are not persuaded that the showup identification procedure was unreasonable. Rather, this prompt and reliable identification procedure (*see People v Lopez,* 292 AD2d 395, 396-397 [2002]; *People v Cleon,* 281 AD2d 554, 555 [2001]; *People v Moore,* 145 AD2d 510 [1988]), in close spatial and temporal proximity to the scene of the crime, was permissible and not unduly suggestive (*see People v Worthy,* 308 AD2d 555 [2003]; *People v O'Rourke,* 307 AD2d 268, 269 [2003], *lv denied* 100 NY2d 623 [2003]; *People v Safford,* 297 AD2d 828 [2002]; *People v Ponce de Leon,* 291 AD2d 415 [2002]; *People v Hicks,* 287 AD2d 649, 650 [2001]; *People v Reese,* 248 AD2d 411 [1998]). We note that three individuals, including the defendant, were apprehended in the blue Taurus, thus explaining the presence of the number of officers the dissent finds objectionable.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Altman, J.P., S. Miller and Friedmann, JJ., concur.

McGinity, J., dissents and votes to reverse the judgment, on the law, grant that branch of the defendant's omnibus motion which was to suppress identification testimony, and order a new trial, to be preceded by an independent source hearing, with the following memorandum: On May 11, 1998, Police Officer Antoinello was on patrol in a marked police vehicle when he received a radio transmission that there was a robbery in progress, a blue Ford Taurus with New York license plate K363Z6 was involved in the robbery, and the perpetrators were four black males in their teens or early twenties. In response to the transmission, the officer went to the location of the robbery at 111th Street and 49th Avenue in Queens. At approximately 11:25 P.M., Officer Antoinello was driving westbound on Corona Avenue, approximately one mile from the location of the robbery, canvassing the area, when he observed a blue Ford Taurus. The first three numbers of the license plate of the vehicle were K36. He observed three individuals inside the vehicle. Officer Antoinello put on the turret lights, and followed the vehicle. When it stopped, he observed the license number, K363Z6. The defendant and two others exited the vehicle. Approximately five minutes later, the victim was brought to the scene, and recounted the details of the robbery, stating that four individuals were at the scene. The victim identified the defendant as the perpetrator who displayed a knife and demanded money. The victim identified the defendant from across the street, about 43 feet away, while the defendant stood by the blue Taurus. When the victim made the identification, there were 10 to 12 police of-

ficers standing by the defendant. The defendant was then placed under arrest.

The hearing court denied that branch of the defendant's omnibus motion which was to suppress the identification testimony. The defendant claims that the showup identification was unduly suggestive. I agree.

"Showup identifications are disfavored, since they are suggestive by their very nature . . . Nevertheless, prompt showup identifications which are conducted in close geographic and temporal proximity to the crime are not 'presumptively infirm,' and in fact have generally been allowed (*People v Duuvon,* 77 NY2d 541, 543-544 [1991]). This is not to say that showup identifications are routinely admissible. Indeed, while in *Duuvon* this Court upheld the admissibility of identification testimony resulting from a showup, we emphasized there that the proof 'must be scrutinized very carefully for [evidence of] unacceptable suggestiveness and unreliability' (*People v Duuvon, supra,* 77 NY2d, at 543). Where there is 'no effort to make the least provision for a reliable identification and the combined result of the procedures employed' establish that the showup was unduly suggestive, the identification must be suppressed" (*People v Ortiz,* 90 NY2d 533, 537 [1997]).

The defendant bears the ultimate burden of proving that a showup procedure is unduly suggestive and subject to suppression (*id.*). The initial burden, however, is on the People to produce evidence validating the admission of such identification testimony (*see People v Chipp,* 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]), and the People must demonstrate that the showup was reasonable under the circumstances. While proof that the showup was conducted in close geographic and temporal proximity to the crime will generally satisfy this element of the People's burden, that does not end the inquiry as the People also must demonstrate that the procedure was not unduly suggestive (*id.*).

In my view, the People in this case failed to meet their burden of showing that the identification procedure was reasonable under the circumstances. The circumstances of the identification procedure, to wit, the defendant surrounded by 10 to 12 police officers standing near the blue Ford Taurus were suggestive. The identification was so unnecessarily suggestive as to create a substantial likelihood of misidentification requiring suppression (*see People v Duuvon,* 77 NY2d 541, 545 [1991]).

Accordingly, the judgment should be reversed, the branch of the defendant's omnibus motion which was to suppress identification testimony should be granted, and a new trial ordered, to be preceded by an independent source hearing.