■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO HARDY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered April 10, 1985, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that his statements to the police were the fruits of an unlawful arrest. We disagree. The hearing testimony indicates that defendant and his companion fit the description of the perpetrators of a robbery and shooting which occurred less than five minutes earlier, and approximately two blocks from where the defendant was apprehended. Under the circumstances, and in view of the furtive behavior of the defendant and his companion, the police possessed sufficient "reasonable suspicion that defendant had committed, or was about to commit a crime, such that pursuit by the officers was justified" *(People v Leung,* 68 NY2d 734, 736; *People v Greaves,* 123 AD2d 445, *lv denied* 69 NY2d 712). The arresting officer's drawing of his gun as he approached the defendant did not convert the confrontation into an arrest, since this was a reasonable self-protective measure in light of the officer's knowledge that at least one of the perpetrators of the crime under investigation was armed and dangerous *(see, People v Chestnut,* 51 NY2d 14, *cert denied* 449 US 1018; *People v Finlayson,* 76 AD2d 670, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931; *People v Crutchfield,* 111 AD2d 346, *lv denied* 66 NY2d 762). Thereafter, the defendant's spontaneous inculpatory statement to the officer provided probable cause for his arrest *(see,* CPL 140.10 [1] [b]; *People v Bigelow,* 66 NY2d 417).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.