(July 20, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. COLE, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered June 27, 1985, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

On November 28, 1984, Ronald Mead, Judy Raiten and defendant were among those present at a friend's house having a few drinks. During the course of the evening, defendant and Mead discussed the idea of killing Raiten and, in furtherance of the plan, took a kitchen knife, which defendant placed in his pocket, and convinced Raiten to take them for a ride in her car. In a remote area of Sullivan County, defendant and Mead got Raiten to stop the car, forced her out at knifepoint and drove away with her car, with Mead at the wheel. After proceeding a short distance, Mead made a U-turn and drove back toward the scene of the robbery. When Raiten stepped into the road to try to flag them down, Mead purposely drove over her, killing her.

The State Police investigation soon focused on defendant

---

and Mead, and the police staked out a house that they were known to frequent. Eventually, defendant came out of the house and gave himself up. He was arrested without a warrant, advised of his *Miranda* rights and ultimately gave an inculpatory statement. A Grand Jury indicted defendant and Mead for three counts of murder in the second degree (intentional murder, depraved indifference murder and felony murder) and one count of robbery in the first degree. Defendant's motions to disqualify District Attorney Stephen Lungen, who had represented defendant in a criminal matter in 1978, and to suppress all evidence obtained as a result of his allegedly illegal arrest were denied. Defendant pleaded guilty to felony murder in full satisfaction of the indictment and was sentenced to an indeterminate prison term of 18 years to life. This appeal ensued.

Defendant initially argues that, in the absence of a finding of any culpable mental state to kill, a sentence of life imprisonment for felony murder is cruel and unusual punishment in violation of NY Constitution, article I, § 5 and the 8th Amendment of the US Constitution. We disagree. In *Enmund v Florida* (458 US 782, 801), the United States Supreme Court held that the sentence of death was an excessive penalty for a person convicted of felony murder where the defendant did not cause the victim's death. In *Tison v Arizona* (481 US 137, 158), it concluded that the *Enmund* culpability requirement was met by a finding that there was "major participation in the felony committed, combined with reckless indifference to human life". The rule is grounded on the principle that the death penalty is " 'unique in its severity and irrevocability' " *(Enmund v Florida, supra,* at 797, quoting *Gregg v Georgia,* 428 US 153, 187) and requires an appropriate culpable mental state before it will be invoked *(Enmund v Florida, supra,* at 798; *see, Lockett v Ohio,* 438 US 586, 605). Thus, *Enmund* and *Tison* are applicable only when capital punishment is imposed for felony murder and have no application here. We find no other basis for interfering with the Legislature's broad power to determine the proper punishment for felony murder *(see, People v Broadie,* 37 NY2d 100, 117, *cert denied* 423 US 950; *see also, People v Sturgis,* 86 AD2d 775, 776).

Next, defendant's claim that the People failed to establish probable cause for his arrest is without merit. A suppression hearing was conducted at which the arresting officer testified that defendant's arrest was preceded by the spontaneous admission that "I want to give up. I haven't been able to sleep all night knowing what Ronnie and I did to the girl." In our

view, these statements provided the necessary probable cause for defendant's arrest (see, CPL 140.10 [1] [b]; *People v Bigelow,* 66 NY2d 417, 423; *see also, People v Hardy,* 146 AD2d 800, 801; *People v Thornton,* 139 AD2d 787, 788, *lv denied* 72 NY2d 867; *People v McEachern,* 141 Misc 2d 140, 143).

Finally, defendant assigns as error County Court's denial of his motion to disqualify the District Attorney. By pleading guilty, however, he has waived his right to appellate review of this nonjurisdictional claim (see, *People v Taylor,* 65 NY2d 1). Were we to reach the merits, the result would be no different. Although we agree with defendant that he and the general public "are entitled to protection against the appearance of impropriety and the risk of prejudice attendant on abuse of confidence" (*People v Shinkle,* 51 NY2d 417, 421; *see, People v Zimmer,* 51 NY2d 390), considering all the facts and circumstances, neither is present here.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.