■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CHIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered November 20, 1990, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the evidence at the suppression hearing established that the officers who apprehended him reasonably suspected that he had committed an armed robbery, which permitted the officers, with guns drawn, to approach the defendant and to stop and frisk him. Specifically, the radio report received by the officers indicated that "three to four male orientals, armed with guns", had taken a robbery victim to the victim's home at a specified address in Queens. Upon arriving at the specified location, one or two minutes after the report was received, the officers observed that the defendant and his codefendant matched the general description, and that there were no other individuals in the area. Upon seeing the police, the codefendant dropped a VCR he was carrying and ran away, while the defendant, with his hand in his right-hand pants pocket, walked towards the approaching officers, who had their guns drawn. The totality of these circumstances gave rise to reasonable suspicion to stop and frisk the defendant (see, People v Harris, 132 AD2d 672; People v Johnson, 102 AD2d 616; People v Taylor, 76 AD2d 892), and permitted the officers to approach with guns drawn (see, People v Chestnut, 51 NY2d 14, cert denied 449 US

1018; *People v Hardy*, 146 AD2d 800; *People v Johnson, supra; People v Wiggins*, 50 AD2d 910). Thus, the seizure of the gun during the frisk was proper and suppression was not warranted *(see, People v Mack*, 26 NY2d 311, *cert denied* 400 US 960). Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.