THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. D'AGOSTINO, Appellant. [696 NYS2d 322] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in denying his suppression motion because his right to be protected from unreasonable search and seizure under the US and NY Constitutions was violated. We disagree. The record establishes that the police officers who encountered defendant were part of a special unit involved in investigating a rash of daytime burglaries on the north side of the City of Syracuse. While patrolling the north side in an unmarked police car, the plainclothes officers observed defendant and two companions walking in the street. Defendant was carrying an object similar in size to a stereo component or a VCR. Although it was a bright and sunny day, the object was wrapped in a gray sweatsuit. The officers testified that, in their experience, an item being carried in that manner is usually covered in order to conceal the item from view. The officers stopped and exited their vehicle, advised defendant and his companions that they were police officers and asked to talk to them. One of the officers then asked defendant what he was carrying. In response to that inquiry, defendant stated that he was carrying a stolen VCR that he purchased from a burglar, whom he identified. The officers then placed defendant under arrest.

The observations of the officers in conjunction with their investigation into a rash of daytime burglaries in that area provided a sufficient predicate for them to exercise their common-law right of inquiry (*see, People v Hollman*, 79 NY2d 181, 184-185, 191; *People v De Bour*, 40 NY2d 210, 223). The circumstances thus provided the officers with "a founded suspicion that criminal activity [was] afoot" (*People v De Bour, supra*, at 223) and justified the officers' approach to request information from defendant (*see, People v Hollman, supra*, at 191; *Matter of James R.*, 76 NY2d 825, 826). Additionally, the statement of defendant that he was carrying a stolen VCR that he purchased from a burglar provided probable cause for his arrest (*see*, CPL 140.10 [1] [b]; *People v Cole*, 152 AD2d 851, 852-853, *lv denied* 74 NY2d 895). (Appeal from Judgment of Onondaga County Court, Brandt, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.