■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RALSTON, Appellant. (Appeal No. 2.) [757 NYS2d 414] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered May 24, 2000, convicting defendant after a jury trial of, inter alia, scheme to defraud in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]) and grand larceny in the fourth degree (§ 155.30 [1]). Contrary to defendant's contention, Supreme Court properly denied his suppression motion. The off-duty police officer had an articulable basis justifying his initial approach of defendant, who was in a stopped vehicle (*see People v Ocasio*, 85 NY2d 982, 985 [1995]). Moreover, the officer had a founded suspicion and thus properly invoked his common-law right of inquiry, entitling the officer to "interfere with [defendant] to the extent necessary to gain explanatory information, but short of a forcible seizure" (*People v De Bour*, 40 NY2d 210, 223 [1976]). Defendant's false statements in response to the officer's inquiry, in combination with the information already conveyed to the officer by the bank manager and the observations previously made by the officer of defendant's suspicious behavior, provided the officer with reasonable suspicion sufficient to justify a brief investigative detention of defendant (*see People v Roque*, 99 NY2d 50, 54 [2002]; *People v Gonzalez*, 91 NY2d 909, 910 [1998]; *People v Hicks*, 68 NY2d 234, 238-242 [1986]). The police thereafter acquired probable cause justifying the arrest of defendant when defendant made more detailed and more inculpatory admissions in response to further questioning by other officers (*see People v D'Agostino*, 265 AD2d 923 [1999], *lv denied* 94 NY2d 861 [1999]; *People v Cole*, 152 AD2d 851, 852-853 [1989], *lv denied* 74 NY2d 895 [1989]). Because the arrest was supported by probable cause, the police were authorized to search defendant incident to that lawful arrest and thus properly

seized the inculpatory paper from defendant's pocket during that search (*see People ex rel. Johnson v New York State Div. of Parole,* 299 AD2d 832 [2002]; *see also People v Weintraub,* 35 NY2d 351, 353-354 [1974]; *People v Welch,* 289 AD2d 936 [2001], *lv denied* 98 NY2d 641 [2002]). For the same reason, the subsequently obtained identification evidence need not be suppressed.

The proof is legally sufficient to support the conviction of scheme to defraud in the first degree (*see People v Bastian,* 294 AD2d 882 [2002], *lv denied* 98 NY2d 694 [2002]; *People v Brown,* 286 AD2d 960, 961 [2001], *lv denied* 97 NY2d 679 [2001]; *see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Defendant was not deprived of effective assistance of counsel. "The claimed deficiencies in counsel's performance do not undercut the conclusion that defendant * * * received meaningful representation" (*People v Benevento,* 91 NY2d 708, 714 [1998]; *see People v Hines,* 300 AD2d 1036 [2002]). Contrary to defendant's further contention, CPL 410.91 is not unconstitutional on its face (*see generally People v Lewis,* 261 AD2d 648 [1999], *lv denied* 93 NY2d 1003 [1999]; *People v Kinch,* 237 AD2d 830, 831 [1997], *lv denied* 90 NY2d 860 [1997]). More particularly, the Legislature's exclusion of the crime of scheme to defraud in the first degree from the list of "specified" offenses in CPL 410.91 (5) for which one may receive an alternative sentence of drug treatment and parole supervision is not violative of defendant's right to due process or equal protection. The sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Kehoe, Gorski, Lawton and Hayes, JJ.