# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

461

KA 06-03762

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT JOHNSON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered July 19, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the period of postrelease supervision to a period of three years and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (*id.*). We note at the outset that, although the People contend that defendant failed to take an appeal from the judgment in appeal No. 2, we exercise our discretion in the interest of justice to treat the pro se notice of appeal in appeal No. 2 as valid, and we thus conclude that the appeal taken from the judgment entered upon the guilty plea is properly before us (*see* CPL 460.10 [6]; *People v Pinckney*, 197 AD2d 936).

Defendant contends with respect to appeal No. 1 that he was illegally stopped and searched and thus that County Court erred in refusing to suppress the drugs seized from defendant. We reject that contention. A police officer testified at the suppression hearing that, while he was in an unmarked police vehicle stopped at a traffic light at an intersection, he observed defendant walk to the driver's door of a parked vehicle, glance left and right, and place his hand on

the door handle.  Defendant then walked to the passenger side of the vehicle, glanced left and right, and returned to the driver's side of the vehicle, again placing his hand on the door handle.  After he glanced left and right for the third time, he then walked back to the passenger side and reached into the vehicle through the open window.  Defendant turned around with his hands in his pockets and began to walk away from the vehicle.  The officer approached defendant and asked him who owned that vehicle.  Defendant initially responded that he owned the vehicle, but he could produce neither the vehicle registration nor any identification.  The officer then ascertained that the vehicle was actually registered to a woman, whereupon defendant informed the officer that the vehicle was owned by a friend, but he could not so much as provide even the first name of that friend.  The officer then searched defendant and found drugs in the front pocket of his pants.

We agree with the People that the officer had a " 'founded suspicion that criminal activity [was] afoot' " when he approached defendant and thus that his questioning of defendant was permissible (*People v Hollman*, 79 NY2d 181, 184).  Based on defendant's responses to those questions, the officer then had probable cause to believe that defendant had committed a crime (*see People v Thurman*, 81 AD2d 548, 550).  In view of the officer's authorization to arrest defendant at that time, the officer also was authorized to search defendant's person incident to a lawful arrest (*see generally People v Ralston*, 303 AD2d 1014, *lv denied* 100 NY2d 565).

We agree with defendant's further contention in appeal No. 1 that the period of five years of postrelease supervision (PRS) is illegal, because the maximum period of PRS permitted by statute in this case is three years (*see* § 70.45 [2] [d]).  We therefore modify the judgment in appeal No. 1 by reducing the period of PRS to a period of three years (*see People v Gibson*, 52 AD3d 1227).  Contrary to the further contention of defendant, the sentence as modified in appeal No. 1 and the sentence in appeal No. 2 are not unduly harsh or severe.  In view of our determination that the sentence in appeal No. 1, as modified, is not unduly harsh or severe, we reject defendant's contention that the judgment in appeal No. 2 must be reversed on the ground that he pleaded guilty in appeal No. 2 based on the promise that the sentence in appeal No. 2 would run concurrently with the sentence in appeal No. 1 (*cf. People v Fuggazzatto*, 62 NY2d 862).